1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MACK A. WEST, Jr.,

11              Plaintiff,                    No. CIV S-08-290 JAM KJM P

12         vs.

13    NEIL WASHIBYASHI, et al.,

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).   Plaintiff has been without funds for six months and is currently

24    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

18  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

20  Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007).  In order to survive

21  dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation

22  of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a

23  right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the

24  statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the

25  grounds upon which it rests."'"  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007).  In

26  reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1  complaint in question, <u>id</u>., and construe the pleading in the light most favorable to the plaintiff.

2  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

3       The court has determined that the complaint does not contain a short and plain

4  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

5  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

6  succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

7  must allege with at least some degree of particularity overt acts which defendants engaged in that

8  support plaintiff's claim.  <u>Id.</u>

9       Although plaintiff is currently in state prison, his complaint appears to stem from

10  his treatment in Solano County jail when he was a pre-trial detainee.  The complaint in this case

11  consists of a disjointed narrative, making it difficult for the court to determine the exact bases of

12  his claims.  For example, plaintiff alleges that he is mentally ill and developmentally disabled

13  and seeks to bring claims under the ADA and the Rehabilitation Act (RA).  Title II of the ADA

14  provides that "no qualified individual with a disability shall, by reason of such disability, be

15  excluded from participation in or be denied the benefits of the services, programs or activities of

16  a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

17  Programs or services provided at jails, prisons, and any other custodial or correctional institution

18  are covered by the ADA.  <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206,

19  211 (1998);  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 691 (9th Cir. 2001) (mental health

20  services and other activities or services undertaken by law enforcement and correctional

21  facilities come within the meaning of the ADA).  In order to state a claim that a public program

22  or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual

23  with a disability"; (2) he was either excluded from participation in or denied the benefits of a

24  public entity's services, programs, or activities, or was otherwise discriminated against by the

25  public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

26  disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir.2004).

1    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, provides in

2   pertinent part that "[n]o otherwise qualified individual with a disability in the United States ...

3   shall, solely by reason of . . . his handicap, be excluded from the participation in, be denied the

4   benefits of, or be subjected to discrimination under any program or activity receiving Federal

5   financial assistance."  To state a claim under the RA, an inmate must allege that (1) he is a

6   "handicapped person" under the Act; (2) he is "otherwise qualified" for participation in the

7   program; (3) he is being excluded from participation in, being denied the benefits of, or being

8   subjected to discrimination under the program solely by reason of his handicap; and, (4) the

9   relevant program or activity is receiving federal financial assistance.  Duffy v. Riveland, 98 F.3d

10   447, 545 (9th Cir. 1996).

11    The basis of plaintiff's ADA and RA claims are not clearly stated: for example, in

12   one portion of the complaint, he alleges that his disability prevents him from functioning in

13   general population, while in another, he complains that he was placed in administrative

14   segregation because of his mental illness.  Complaint (Compl.) at 5A.  Because the factual

15   allegations are unclear, the court cannot determine whether the claim of placement in

16   administrative segregation violates the ADA or the RA.  See Pierce v. County of Orange, ___

17   F.3d ___, 2008 WL 762072 (9th Cir. 2008).  Plaintiff also appears to allege that the ADA and the

18   RA require the defendants to create a special unit for mentally ill and developmentally disabled

19   inmates.  That is not the law.  Crawford v. Indiana Department of Corrections, 115 F.3d 481, 486

20   (7th Cir. 1997), abrogated on other grounds, Erickson v. Board of Governors of State Colleges

21   and Universities for Northeastern Illinois University, 207 F.3d 945 (7th Cir. 2000) (disabled

22   inmates have the same right of access to services as other inmates; they "have no right to more

23   services than the able-bodied inmates."); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.

24   1996).

25    Plaintiff also alleges that he was removed from the "Life Skills" unit of the jail for

26   no apparent reason.  However, a pre trial detainee has no constitutional right to rehabilitation

4

1  programs and plaintiff has not shown that any such interest arises from state law.   This claim

2  should not be included in any amended complaint.  See Bell v. Wolfish, 441 U.S. 520, 536

3  (1979).

4           Plaintiff does allege that he was denied appropriate medical and mental health

5  treatment when he was suicidal, but the exact nature of the complaint is obscured by plaintiff's

6  narrative style.  For example, plaintiff alleges that defendant Washibyashi gave him a razor blade

7  when he was already suicidal and that several other defendants refused to summon a doctor after

8  he had cut himself.   Compl. at 5I.   He comes back to this claim on the next page, listing

9  additional defendants and suggesting they did nothing while he was cutting himself.   All of this

10 may state a claim, but it is difficult to evaluate in its current form.

11          Plaintiff alleges that several defendants insulted or threatened him.  These claims

12 do not rise to the level of a civil rights violation.  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.

13 1996).  They should not be included in any amended complaint.

14          Plaintiff has pleaded some claims of excessive force, which do state a claim in

15 their present form.  However, should plaintiff wish to proceed with his other claims, he must

16 include all of his claims in an amended complaint that complies with the guidelines in this order.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21 there is some affirmative link or connection between a defendant's actions and the claimed

22 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

25 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26 /////

1        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3   amended complaint be complete in itself without reference to any prior pleading.  This is

4   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be sufficiently

8   alleged.

9        Moreover, if plaintiff amends his complaint, he must eliminate "immaterial

10  background information" and "narrative rambling."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th

11  Cir. 1996).  A concise, focused pleading might follow this model:

12          1.  Allegation of jurisdiction.

13           2.  On June 1, 1936, in a public highway, called Boylston Street,
             in Boston Massachusetts, defendant negligently drove a motor
14           vehicle against plaintiff, who was then crossing said highway.

15          3.  As a result plaintiff was thrown down and had his leg broken,
             and was otherwise injured, was prevented from transacting his
16           business, suffered great pain of body and mind, and incurred
             expenses for medical attention and hospitalization in the sum of
17           one thousand dollars.

18          Wherefore plaintiff demands judgment against defendant in the
             sum of one thousand dollars.
19

20  Id.

21       Finally, plaintiff has requested the appointment of counsel.  The United States

22  Supreme Court has ruled that district courts lack authority to require counsel to represent

23  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

24  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

25  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

26  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

1    court does not find the required exceptional circumstances.  Plaintiff's request for the

2    appointment of counsel will therefore be denied.

3                    In accordance with the above, IT IS HEREBY ORDERED that:

4                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5                    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6    The fee shall be collected and paid in accordance with this court's order to the Director of the

7    California Department of Corrections and Rehabilitation filed concurrently herewith.

8                    3.  Plaintiff's complaint is dismissed.

9                    4.  Plaintiff is granted thirty days from the date of service of this order to file an

10   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

12   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

13   an original and two copies of the amended complaint; failure to file an amended complaint in

14   accordance with this order will result in a recommendation that this action be dismissed.

15                   5.  Plaintiff's motion for the appointment of counsel (docket no. 8) is denied.

16   DATED:  June 3, 2008.

17                                                        _____

18                                                        U.S. MAGISTRATE JUDGE

19

20   2

21   west0290.14

22

23

24

25

26