IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, JR., #F-60029, | CIVIL NO. 2:08-00290 HWG/KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS THE THIRD AMENDED COMPLAINT |
| vs. | |
| MARSH, et al., | |
| Defendants. | |

## FINDINGS AND RECOMMENDATION TO DISMISS THE THIRD AMENDED COMPLAINT

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2008, Plaintiff filed an Amended Complaint. On March 25, 2009, Plaintiff filed a Second Amended Complaint. On October 21, 2009, the Court issued an Order Dismissing the Amended Complaint and Second Amended Complaint with Leave to Amend ("Order"), wherein the Court identified the deficiencies in the amended complaints, provided applicable legal standards, and cautioned Plaintiff that failure to comply with the Order would result in a recommendation of dismissal of this action for failure to state a claim.

On December 23, 2009, Plaintiff filed a Third Amended Complaint, which is presently before this Court.

I.   SCREENING ORDER

   A.   Screening Requirement

   Courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Courts must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous, malicious, or fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). If a court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

   Courts should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

   A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute, Lopez, 203 F.3d at 1126-30).

   B.   Pleading Requirements

        1.   Federal Rule of Civil Procedure 8(a)

Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires a "short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
Although the Federal Rules adopt a flexible pleading policy, a
complaint must give fair notice and state the elements of the
claim plainly and succinctly. Jones v. Community Redev. Agency,
733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require
that averments 'be simple, concise and direct.'" McHenry v.
Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ.
P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R.
Civ. P. 8(a)] is that the complaint gives 'the defendant fair
notice of what the plaintiff's claim is and the ground upon which
it rests.'" Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996)
(quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870
(9th Cir. 1991)).

A complaint having the factual elements of a cause of
action scattered throughout the complaint and not organized into
a "short and plain statement of the claim" may be dismissed for
failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr.
Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d
1172. FRCP 10(b) also requires a plaintiff to state claims in
"numbered paragraphs, each limited as far as practicable to a
single set of circumstances." Fed. R. Civ. P. 10(b). Moreover,
"[i]f doing so would promote clarity, each claim founded on a
separate transaction or occurrence ... must be stated in a
separate count." Id.

4

2.  Federal Rules of Civil Procedure 18 and 20

FRCP 18 provides: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

FRCP 20 allows for the joining of multiple defendants in one action when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

3.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of

5

> any rights, privileges, or immunities secured by
> the Constitution . . . shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Social Servs., 436 U.S. 658, 98 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Vague and conclusory allegations of official participation in civil rights violations will not suffice. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    C.    <u>Plaintiff's Third Amended Complaint</u>

Despite that fact that Plaintiff has had three opportunities to amend his complaint since initiating this action, many deficiencies remain that warrant dismissal of the TAC. As an initial matter, the Court notes that the TAC is

6

comprised of two separate complaints, involving multiple unrelated incidents, different sets of defendants, and which occurred during two different time periods.

    1.   <u>Part I of the TAC</u>

Part I of the TAC (pages 3-5a) is entitled "Plaintiff's Third Amended Complaint Under the (ADA), American's With Disabilities Act and Eighth Amendment Violations." It arises out of purported violations of the Americans with Disability Act ("ADA"). Specifically, Plaintiff alleges that in July 2004, Defendant Rob Marsh ("Marsh") discriminated against him under the ADA by contributing to his removal from the life skills program as a result of his mental illness and his refusal to take antipsychotic medication; Defendant Debra Sigler ("Sigler")[1] violated the ADA by informing Plaintiff that he was being kicked out of the life skills program because of his mental illness and refusal to take antipsychotic medication; and Defendant Fred Jones ("Jones") failed to act despite the discrimination against Plaintiff, by informing Plaintiff about the reasons behind Plaintiff's removal from the life skills program.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

---

[1] The spelling of this name is not clear. In the caption, Plaintiff spells the name "Sigl<u>a</u>r," but in the TAC itself, he repeatedly spells the name "Sigl<u>e</u>r."

the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Programs or services provided at jails, prisons, and any other custodial or correctional institution are covered by the ADA. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 211 (1998); Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (mental health services and other activities or services undertaken by law enforcement and correctional facilities come within the meaning of the ADA).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

A "disability" is defined by the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). The regulations implementing the ADA define "mental impairment" as "[a]ny mental or psychological disorder

such as ... organic brain syndrome, emotional or mental illness, and specific learning disabilities." 28 C.F.R. § 35.104.

Plaintiff represents that his "disabilities" include paranoid schizophrenia and moderate retardation/learning disability. It would appear that Plaintiff has sufficiently alleged that he has a "disability" under the ADA. To satisfy the requirement that he is a "qualified individual with a disability," Plaintiff must show that he is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Under [this] statutory definition, a plaintiff would have to prove . . . [that he is] eligible for the participation in the program sought." Toney v. Goord, 2006 WL 2496859, at *8 (N.D.N.Y. Aug. 28, 2006).

The Court finds that Plaintiff has alleged sufficient facts to demonstrate that he is a "qualified individual" because he participated in, and was therefore eligible for, the life skills program. Accordingly, Plaintiff satisfies the first prong of the test to state a disability discrimination claim under the ADA. Plaintiff also satisfies the second prong - that he was excluded from participation in the facility's services, programs,

9

or activities, having alleged that he was removed from the life skills program.

Plaintiff fails, however, to satisfy the third prong - that his exclusion from the life skills program was by reason of his paranoid schizophrenia and moderate retardation/learning disability. Plaintiff alleges that Defendants caused his removal from the life skills program because of his mental illness and his refusal to take antipsychotic medication. It is worth noting that the only Defendant who purportedly took action to remove Plaintiff from the program is Marsh. The allegations against Defendants Sigler and Jones fail because they merely assert that these Defendants informed Plaintiff that he was being kicked out of the program by reason of his mental illness and refusal to take medication. Such allegations fail to state a claim and should be dismissed.

Although Plaintiff states that he was removed from the program due to his disability, he also admits that he refused to take antipsychotic medication, and that his refusal to take medication was a basis for his removal. Taking Plaintiff's allegations as true, it cannot be said that he was categorically denied participation in the life skills program because of his disability. Rather, it appears that his removal resulted from his refusal to take antipsychotic medication. It is not difficult to imagine that Plaintiff's failure to take

antipsychotic medication would affect his conduct, particularly where, as here, he suffers from paranoid schizophrenia. The Court is mindful that "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security[,]" Whitley v. Alberts, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)), and that the judiciary is "ill equipped" to deal with difficult issues of prison administration. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). The consideration of Plaintiff's refusal to take antipsychotic medication and its effect on the administration of the life skills program falls within the scope of prison administrators' duty to maintain order and discipline within prison facilities. As Plaintiff's removal from the life skills program did not rise to the level of a categorical denial based on his disability, the Court should not interfere with the prison's execution of its policies and procedures to maintain order and security within the facility.

Consequently, Plaintiff has failed to state a claim of disability discrimination under the ADA. The Court finds that any further attempted amendment of the ADA claim would be futile. Accordingly, the Court recommends that Plaintiff's claim against Defendants Sigler, Marsh, and Jones for violation of the ADA

(contained in Part I of the TAC) be DISMISSED without leave to amend for failure to state a claim.

    2.   <u>Part II of the TAC</u>

        a.   <u>Unrelated Defendants and Claims</u>

Part II of the TAC (pages 6-8d) is entitled "Third-Amended Complaint, Retaliation for filing Grievance by Placing Plaintiff in the Inhumane Living Conditions." Plaintiff alleges that Defendants Carolyn Childers, William Boardnaux, Jeffery Smith, Jason Garrison, Luz Solic, Greg Smith, Angie Jim, Debroth Pettaway, Teresa Crow, Carlos Avila, Katey Hardy, Joseph Headley, Ken Stewart, Ken Jeregoson, Hiedi Dolan, Larisola, and Frank Bailey retaliated against Plaintiff in 2005[2] because he filed a grievance against Childers, which Plaintiff characterizes as protected conduct. Plaintiff's attempt to consolidate this and the ADA claim in a single lawsuit is not permitted by the Federal Rules of Civil Procedure.

The basic lawsuit is a single claim against a single defendant. The Federal Rules of Civil Procedure allow a litigant to join multiple claims against multiple parties in a single lawsuit in certain situations. FRCP 18(a) allows a plaintiff to

---

    [2] According to Plaintiff, the retaliation took the form of: rehousing him in Administrative Segregation under inhumane and barbaric living conditions; failing to rectify the unsafe and unhealthy living conditions; using unnecessary force; opening of the cell door to remove Plaintiff during the rehousing process; acting in concert with Childers; and carrying out Childers' orders.

12

add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions." Fed. R. Civ. P. 20(a). However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[3] 28 U.S.C. § 1915(g).

Here, the ADA claim and retaliation claims, one occurring in 2004 and the other in 2005, involve different sets of defendants and the two incidents did not arise from the same "transaction, occurrence, or series of transactions." The facts needed to be proven for ADA claim are distinct from the facts needed to be proven for his retaliation claims. Thus, the claims asserted in Part II of the TAC must be raised in a separate lawsuit if Plaintiff wishes to pursue them. Insofar as amendment would be futile, Part II of the TAC should be DISMISSED without leave to amend.

---

[3] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. § 1915(a), (g).

b.   <u>Failure to Name Defendants in the Caption</u>

The caption of Part II of the TAC lists only Defendant Childers.  TAC at 6.  FRCP 10(a) requires that the name of each defendant be included in the caption of the complaint.  Fed. R. Civ. P. 10(a); <u>see</u> <u>also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262-63 (9th Cir. 1992); Local Rule 11-3.8.  This deficiency also justifies dismissal of Part II of the TAC.

The Court further notes that the TAC does not include a number of the defendants named in Plaintiff's earlier complaints.  An amended complaint supersedes the original complaint and prior amended complaints.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original Complaint and all prior amended complaints as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Consequently, all of the defendants previously named but not included in the TAC are no longer parties in this action.

Based on the foregoing, the Court finds and recommends that Plaintiff's TAC be dismissed without leave to amend.  Before dismissing a pro se complaint for failure to state a claim, a district court should generally give a pro se litigant leave to amend the complaint and a statement explaining the complaint's deficiencies.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623-24 (9th Cir. 1988).  Leave to amend is not required, however, where it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment.  Id. at 623; see also Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'").  Plaintiff has now had four opportunities to state a proper claim.  The Court identified the previous amended complaints' deficiencies in the Order and Plaintiff has not cured those deficiencies in the TAC, nor does it appear he could through further amendment.  As such, the TAC and this action should be dismissed without leave to amend.

II. CONCLUSION

In accordance with the foregoing, it is HEREBY FOUND AND RECOMMENDED that Plaintiff's Third Amended Complaint, filed December 23, 2009, and this action, be DISMISSED.

This Findings and Recommendation is submitted to the United States District Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-304.  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). Plaintiff should be aware that this action may count as a strike under § 1915(g) for any future civil action he may bring.

        IT IS SO FOUND AND RECOMMENDED.

        DATED:   Honolulu, Hawaii, February 19, 2010

/s/ Kevin S.C. Chang
Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00290 HWG-KSC; <u>WEST V. WASHIBYASHI, et al.</u>; FINDINGS AND RECOMMENDATION TO DISMISS THE THIRD AMENDED COMPLAINT WITH PREJUDICE

16