IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MACK A. WEST, JR.,              )    Civ. No. 2:08-00290 HG-KSC
#F-60029                        )
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
ROD MARSH; DEBRA SIGLER;        )
FRED JONES; CAROLYN CHILDERS;   )
WILLIAM BOARDNAUX;              )
JEFFREY SMITH; JASON GARRISON;  )
LUZ SOLIC; GREG SMITH;          )
ANGIE JIM; DEBROTH PETTAWAY;    )
TERESA CROW; CARLOS AVILA;      )
KATEY HARDY; JOSEPH HEADLEY;    )
KEN STEWART; KEN JEREGOSON;     )
HEIDI DOLAN; LARISOLA; and      )
FRANK BAILEY,                   )
                                )
          Defendants.           )
                                )
```

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 42)**
**AND**
**<u>DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME (DOC. 44)</u>**

Plaintiff Mack A. West, Jr., proceeds *pro se* and *in forma pauperis*, raising civil rights claims pursuant to 42 U.S.C. § 1983.  On July 23, 2010, the Court filed an Order Adopting the Magistrate Judge's Findings And Recommendation To Dismiss Plaintiff's Third Amended Complaint.  (Doc. 40.)  On August 4, 2010, Plaintiff filed a Motion For Reconsideration.  (Doc. 42.)  On August 31, 2010, Plaintiff filed a request for an extension of time to file "unrelated claims."  (Doc. 44.)

Plaintiff's motions are **DENIED.**

1

**STANDARD OF REVIEW**

A motion for reconsideration can be brought pursuant to Federal Rule of Civil Procedure 59(e).  If the motion for reconsideration is filed within twenty-eight days[1] of the district court's order, then the motion is properly treated under Rule 59(e).  Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 (9th Cir. 2005)).  Under Rule 59(e), it is appropriate to alter or amend a judgment for three reasons:  "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Zamani, 491 F.3d at 997 (quoting Sissoko v. Rocha, 440 F.3d 1145, 1153-1154 (9th Cir. 2006)).

**ANALYSIS**

**A.   The July 23, 2010 Order Adopting The Magistrate Judge's Findings And Recommendation**.

Plaintiff Mack A. West, Jr.'s Third Amended Complaint contains two separate parts.  (Third Amended Complaint, (Doc. 25).)  In the first part, Plaintiff alleges that while incarcerated at Solano County Justice Center Detention Facility in Fairfield, California, Defendants Rod Marsh, Debra Sigler, and

---

[1] Effective December 1, 2009, Federal Rule of Civil Procedure 59(e) was amended to extend the time period for filing a motion for reconsideration from ten days after the entry of judgment to twenty-eight days after the entry of judgment.

2

Fred Jones removed Plaintiff from a life skills program, in violation of his rights under the Americans With Disabilities Act ("ADA"), Title 42 U.S.C. § 12132.  Id. at pp. 3-5a.  In the second part of the Third Amended Complaint, Plaintiff claims that after he filed a grievance against Defendant Carolyn Childers, the remaining named Defendants retaliated against him.  Id. at pp. 6-8d.

In the Findings And Recommendation To Dismiss The Third Amended Complaint ("Findings and Recommendation"), filed on February 22, 2010, the Magistrate Judge performed a separate analysis for the first and second parts.  (Findings and Recommendation, (Doc. 27).)  The Magistrate Judge recommended dismissing the first part without leave to amend, for failure to state a claim on which relief may be granted.  Id. at pp. 11-12.  The Magistrate Judge recommended dismissing the second part as a separate lawsuit that did not arise from the same "transaction, occurrence, or series of transactions" as the first part.  Id. at pp. 12-13.  On July 23, 2010, the Court adopted the Magistrate Judge's Findings and Recommendation.  The Court dismissed the first part of Plaintiff's Third Amended Complaint with prejudice, for failure to state a claim, and dismissed the second part without prejudice to Plaintiff's refiling those claims as a new prisoner civil rights complaint.  (Doc. 40.)

**B.   Plaintiff's Motion For Reconsideration.**

Without citing the Federal Rules of Civil Procedure or any case law, Plaintiff requests reconsideration of the Court's July 23, 2010 Order.  He makes three arguments.  First, he states that "PLAINTIFF['s] OBJECTIONS TO THE MAGISTRATE FINDINGS AND RECOMMENDATION WAS MOOT ONLY IF THE DISTRICT COURT JUDGE HELEN W. [Gillmor] ACCEPTED PLAINTIFF'S FOURTH AMENDED COMPLAINT." (Plaintiff's Motion For Reconsideration at p. 1, (Doc. 42).) Although it is difficult to decipher Plaintiff's meaning, his proposed Fourth Amended Complaint contains only allegations relevant to the allegations from the first part of the Third Amended Complaint relating to the Americans With Disabilities Act.  (Request For Leave To File A Fourth Amended Complaint, (Doc. 39).)  Second, he asserts that the Court abused its discretion by denying his request to file the proposed Fourth Amended Complaint.  (Plaintiff's Motion For Reconsideration at p. 1, (Doc. 42).)  Third, Plaintiff appears to argue that the Court was not permitted to issue a "strike" under 28 U.S.C. § 1915(g).  (Plaintiff's Motion For Reconsideration at p. 2, (Doc. 42).)

Plaintiff filed the Motion For Reconsideration within twenty-eight days of the Court's July 23, 2010 Order.  The motion is properly treated under Federal Rule of Civil Procedure 59(e).  Zamani v. Carnes, 491 F.3d 990, 997 (internal citation omitted).

Under Rule 59(e), it is appropriate to alter or amend a judgment for three reasons: "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Zamani, 491 F.3d at 997 (internal citation omitted). Plaintiff has not presented any newly discovered evidence and does not argue that there has been any intervening change in controlling law. The Court therefore considers whether the July 23, 2010 Order contained clear error or was manifestly unjust.

1.  **Plaintiff's First Objection**.

Plaintiff states that "PLAINTIFF['s] OBJECTIONS TO THE MAGISTRATE FINDINGS AND RECOMMENDATION WAS MOOT ONLY IF THE DISTRICT COURT JUDGE HELEN W. [Gillmor] ACCEPTED PLAINTIFF'S FOURTH AMENDED COMPLAINT." (Plaintiff's Motion For Reconsideration at p. 1, (Doc. 42).) Plaintiff's intended meaning is unclear. The July 23, 2010 Order did not describe Plaintiff's objections as moot. The Court quoted Plaintiff's objection to the Magistrate Judge's Findings and Recommendation, in which Plaintiff stated that the claims raised in the second part of his Third Amended Complaint were "unrelated" to the ADA claims raised in the first part of his complaint and were therefore "moot." (Plaintiff's Objection To The Magistrate Judge's Findings And Recommendation at p. 6, (Doc. 38).) The

5

relevant section of Plaintiff's objection contains the following title: "PLAINTIFF'S UNRELATED CLAIM ARE MOOT AND HAS NO RELEVANCE IN PLAINTIFF ADA / INADEQUATE MENTAL HEALTH CARE." Id. at p. 6. Plaintiff states the following:

> (8) Plaintifff's claims of retaliation for filing a grievance and placing Plaintiff in inhumane living conditions is a unrelated case and civil rights action, states that this claim(s) has no jurisdiction being with this unrelated claim(s) of discrimination against Plaintiff, due to having a disability, and for the disability, being placed in administrative . . . segregation (and punitive), none of these claims are connected . . . or transpired in the same events.

Id. at p. 6 (original written in all capital letters). As stated in the Findings and Recommendation, these "unrelated" claims of the second part of his complaint did not arise from the same "transaction, occurrence, or series of transactions" as the claims raised in the first part. Fed. R. Civ. P. 20(a)(2).[2]

Plaintiff's proposed Fourth Amended Complaint contains only the allegations concerning the first part of the Third Amended Complaint relating to the Americans With Disabilities Act ("ADA"). Those allegations have been dismissed with prejudice, for failure to state a claim. Plaintiff is unable to allege that

---

[2] Federal Rule of Civil Procedure 20(a)(2) provides: "Defendants. Persons -- as well as a vessel, cargo, or other property subject to admiralty process in rem -- may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

his exclusion from participation in the life skills program was by reason of his disability, having claimed that he was removed from the program due to his "refusing to take his antipsychotic medication." (Third Amended Complaint at p. 5a, (Doc. 25); Request For Leave To File A Fourth Amended Complaint at p. 5a, (Doc. 39).)  Plaintiff has not put forward anything before the Court that would allow him to state a claim on which relief may be granted.  The Court did not commit clear error in dismissing the first part of Plaintiff's Third Amended Complaint with prejudice, and dismissing the second part without prejudice to Plaintiff's refiling those claims as a new prisoner civil rights complaint in a separate lawsuit.

    2.    **Plaintiff's Second Objection**.

Plaintiff's second argument is that the Court abused its discretion by denying his request to file the proposed Fourth Amended Complaint.  In denying Plaintiff's request, the Court stated in the July 23, 2010 Order that any amendment to the Third Amended Complaint would be futile.  Plaintiff attempts to assert a claim of disability discrimination under the Americans With Disabilities Act, Title 42 U.S.C. § 12132.  (Third Amended Complaint at pp. 3-5a, (Doc. 25).)  The Third Amended Complaint, however, does not contain a required element of the ADA claim, that Plaintiff's alleged exclusion from participation in the life skills program was by reason of his disability. McGary v. City of

7

Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal citations omitted).  In both the Third Amended Complaint and in the proposed Fourth Amended Complaint, Plaintiff alleges that he was removed from the life skills program due to his "refusing to take his antipsychotic medication."  (Third Amended Complaint at p. 5a, (Doc. 25); Request For Leave To File A Fourth Amended Complaint at p. 5a, (Doc. 39).)  Plaintiff is unable to allege a required element of his ADA claim.  Any attempt to amend the Third Amended Complaint would be futile.  The Court did not commit clear error in dismissing the first part of Plaintiff's Third Amended Complaint with prejudice.

   3.   **Plaintiff's Third Objection**.

In his third argument, Plaintiff asserts that the Court was not permitted to issue a "strike" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[3]  The PLRA prohibits inmates from proceeding *in forma pauperis* under § 1915, if the inmate violates the "three strikes" rule of § 1915(g).  The Ninth Circuit Court of Appeals provided guidance on what constitutes a "strike" in O'Neal v. Price.  531 F.3d 1146 (9th Cir. 2008).

---

[3] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

There the appellate court held that § 1915(g) does not distinguish between dismissals with and without prejudice. Id. at 1154 (internal citation omitted). If it is clear from a court's reasoning that failure to state a claim is a sufficient condition for dismissing the complaint, then the complaint counts as a "strike" under § 1915(g). Id. at 1156. The first part of Plaintiff's Third Amended Complaint has been dismissed with prejudice for failure to state a claim. The Court did not commit clear error by issuing Plaintiff a "strike" under § 1915(g).

Plaintiff has not demonstrated that the Court committed "clear error" within the meaning of Rule 59(e). The Motion For Reconsideration is **DENIED**.

**C.   Plaintiff's Request For An Extension Of Time To Refile Unrelated Claims.**

On August 31, 2010, Plaintiff filed a request for an extension of time to file "unrelated claims." (Doc. 44.) He alleges that prison authorities are withholding his legal property, and that he is therefore unable to submit an amendment to his "unrelated claims." The Court has denied Plaintiff's request to file any amendment regarding the claims asserted in the first part of the Third Amended Complaint. Plaintiff's proposed Fourth Amended Complaint does not address the second part of the Third Amended Complaint. If Plaintiff intends to pursue any claims from the second part of the Third Amended Complaint, he must file a new prisoner civil rights complaint in

9

a separate lawsuit.  Plaintiff's Request For An Extension Of Time is **DENIED.**

### CONCLUSION

(1) Plaintiff's Motion For Reconsideration, filed August 4, 2010, (Doc. 42), is **DENIED;**

(2) Plaintiff's Request For An Extension Of Time To Refile Unrelated Claims, filed August 31, 2010, (Doc. 44), is **DENIED.**

IT IS SO ORDERED.

DATED: September 30, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

West v. Marsh, et al.; Civ. No. 08-00290 HG-KSC; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 42) AND DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME (DOC. 44).**